**TARA J. ELLIOTT**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: Tara.Elliott@usdoj.gov**

FILED

DEC 2 8 2021

Clerk, U.S Courts
District Of Montana
Missoula Division

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 21-62-M-DWM |
| **Plaintiff,** | |
| vs. | **PLEA AGREEMENT** |
| **JASMINE LORI SNYDER,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Tara J. Elliott, Assistant United States Attorney

for the District of Montana, and the defendant, Jasmine Lori Snyder, and the

defendant's attorney, John Rhodes, have agreed upon the following:

AUSA     DEF     ATTY     Date 12.27.21

Page 1

1.    **Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.  It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.    **Charges:**  The defendant agrees to plead guilty to the information, which charges the crime of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  This offense carries a mandatory minimum punishment of 10 years up to life imprisonment, a $10,000,000 fine, five years of supervised release, and a $100 special assessment.

3.    **Nature of the Agreement:**  The parties agree that this plea agreement will be governed by Rule 11(c)(1)(B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges that the agreement will be fulfilled provided the government makes the recommendations provided below.  The defendant understands that even if the Court does not accept or follow the recommendations made by the United States, there will not be an automatic right to withdraw the plea.  Rule 11(c)(3)(B), *Federal Rules of Criminal Procedure*.

4.    **Admission of Guilt:**  The defendant will plead guilty because the defendant is guilty of the charge contained in the information.  In pleading guilty, the defendant acknowledges that:

The defendant knowingly possessed methamphetamine;

The defendant possessed the methamphetamine with the intent to distribute it to another person or aided and abetted the same; and

The defendant possessed 500 grams or more of methamphetamine.

**5.    Waiver of Rights by Plea:**

(a)    The defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)    The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent and the Court must approve a non-jury trial.

(e)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them.  In turn, the defendant

AUSA        DEF        ATTY        Date                                    Page 4

could present witnesses and other evidence.  If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify.  Or the defendant could exercise the choice to testify.

(j)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

AUSA     DEF     ATTY     Date     12.27.21                                                    Page 5

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6.      Recommendations:**  The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.  The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.  The parties reserve the right to make any other arguments at the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

The Government further agrees to recommend that the defendant be considered an "average participant" in her offense of conviction.

**7.      Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

AUSA      DEF      ATTY      12.27.21
                              Date                                    Page 6

8.    **Appeal Waivers:**

**Waiver of Appeal of the Sentence – 5K motion:**  The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a).  Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG §5K1.1 to reward the defendant for any substantial assistance provided before sentencing.  If such a motion is made and the Court accepts the plea agreement, the defendant waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG §5K1.1, the defendant also agrees to waive the right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255.  This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement.  No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
| *CGW* | *S* | *JR* | 12.27.21 |

express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9 27.400.

**Waiver and Dismissal of Appeal of the Sentence – Rule 35 motion**: The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, to reward the defendant for any substantial assistance the defendant provides after sentencing. If such a motion is made, and granted by the Court, the defendant agrees to waive any appeal of the sentence and judgment imposed, and dismiss any pending appeal of the judgment and sentence previously taken.

If a Rule 35 motion for reduction of sentence is made and granted by the Court, the defendant also agrees to waive the right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel. The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion

| AUSA | DEF | ATTY | Date | Page 8 |
|------|-----|------|------|--------|

has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to make such a commitment without express written approval of the U.S. Attorney, or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9 27.400.

9.      **Voluntary Plea:**  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10.     **Loss of Federal Benefits:**  The defendant acknowledges that, based on the plea of guilty to a federal controlled substances crime, the defendant is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act.  21 U.S.C. § 862a.  The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license.  21 U.S.C. § 862.

11.     **Detention/Release After Plea:**  The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and

| AUSA | DEF | ATTY | Date | Page 9 |

whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

12.    **Breach:**  If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

13.    **Entire Agreement:**  Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

LEIF M. JOHNSON
United States Attorney

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
|      |     | JR   | 12.27.21 |

TARA J. ELLIOTT
Assistant U. S. Attorney
Date: 12/28/21

JASMINE LORI SNYDER
Defendant
Date: 12/27/21

JOHN RHODES
Defense Counsel
Date: 12.27.21